## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BRITTANY BELL,                               )
643 Hamlin Street NE #3                      )
Washington, DC 20017                         )
                                             )
    and                  )
                                             )         COLLECTIVE ACTION/
OLIVIA CARTER,                               )         CLASS ACTION
1336 Missouri Avenue NW #303                 )
Washington, DC 20011                         )         JURY TRIAL DEMAND
                                             )
    and                  )
                                             )
ANTHONY PARKER                               )
609 Quarry Avenue                            )
Capitol Heights, MD 20743                    )
                                             )
On behalf of themselves and all others       )
Similarly situated,                          )
                                             )
    Plaintiffs,          )
                                             )
v.                                           )
                                             )
CLYDE'S RESTAURANT GROUP, INC.;              )
CLYDE, INC.; CLYDE'S OF GALLERY              )
PLACE, INC.; CLYDE'S OF GEORGETOWN,          )
INC. and CLYDE'S REAL ESTATE                 )
GROUP, INC.                                  )
                                             )
    Defendants.          )

## COMPLAINT

1.    Plaintiffs are employees or former employees of Defendants, and they bring this action against Defendants on behalf of themselves and others similarly situated as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") because of Defendants' unlawful deprivation of Plaintiffs' rights to the minimum wage

and overtime compensation. Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 *et seq.*

2.      Plaintiffs who are or were employees of Defendants at any of their Washington, D.C. locations also bring this action against Defendants on behalf of themselves and others similarly situated in accordance with D.C. Code § 32-1012(b) because of Defendants' unlawful deprivation of Plaintiffs' rights to the minimum wage and overtime compensation under the D.C. Code. Such Plaintiffs also seek compensation and damages and other relief available under the D.C. Code minimum wage and overtime laws at 32-1001, *et seq.*  Additionally, Plaintiffs who are or were employees of Defendants at any of their Washington, D.C. locations bring this action against Defendants on behalf of themselves and a class consisting of all persons performing non-exempt work because of Defendants' unlawful failure to pay required wages.  Such Plaintiffs seek compensation and damages and other relief available under the D.C. Wage Payment and Collection Act, D.C. Code § 32-1301 *et seq.*

## JURISDICTION AND VENUE

3.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 28 U.S.C. § 1367(a) (supplemental jurisdiction to entertain Counts III, IV, and V). Venue lies within this district pursuant to 28 U.S.C. § 1391.

4.      At all times material herein, Defendants have employed Plaintiffs in a position in which they earn tips and for which Defendants take a "tip credit" or "gratuities credit" such as Server ("employees for whom defendants take a 'tip credit'") at Defendants' restaurants in the District of Columbia.  Plaintiffs are citizens of the United States.  Plaintiffs Brittany Bell and

Olivia Carter are residents of the District of Columbia. Plaintiff Anthony Parker is a resident of Maryland. Plaintiffs are identified in the caption of the Complaint and have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b) and, for Plaintiffs who have worked in Defendants' restaurant in the District of Columbia, also pursuant to D.C. Code § 32-1012. Such consents are appended to the Complaint. Plaintiffs bring this action as a collective action on behalf of themselves and all others similarly situated in accordance with 29 U.S.C. § 216(b) and with respect to any District of Columbia restaurants, pursuant to D.C. Code § 32-1012. Plaintiffs bring this action as a class action on behalf of themselves and a class of similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure and D.C. Code § 32-1308.

5. Defendant Clyde's Restaurant Group, Inc. is a Washington, D.C. corporation which is licensed to do business in the District of Columbia under the names Clyde, Inc.; Clyde's of Gallery Place, Inc.; Clyde's of Georgetown, Inc.; and Clyde's Real Estate Group, Inc. It is a private corporation with its headquarters in Washington, D.C. It is the owner and operator of 15 restaurants located in the District of Columbia, Maryland, and Virginia.

6. Defendant Clyde's Restaurant Group, Inc. is an "employer" within the meaning of 29 U.S.C. §203(d) and D.C. Code § 32-1301 and a "person" within the meaning of 29 U.S.C. § 203(a) and D.C. Code § 32-1002(3).

7. At all times material to this action, Defendants have each been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1), and its annual dollar business volume has exceeded $500,000.

8. At all times material herein, Defendants have been actively conducting business in the District of Columbia.

## FACTUAL ALLEGATIONS

9.       For the past three years, and prior, Defendants have applied a "tip credit" pursuant to 29 U.S.C. 203(m) toward the minimum wage owed to Plaintiffs and other persons employed by Defendants in positions in which they may earn tips.

10.      For the past three years, and continuing to date, at their District of Columbia restaurants, Defendants have applied a "gratuities credit" pursuant to D.C. Code § 32-1003(f) toward the minimum wage owed to Plaintiffs and other persons employed by Defendants in positions in which they may earn tips.

11.      For the past three years, and prior, Defendants have consistently denied Plaintiffs and other employees occupying positions for which Defendants take the tip credit the minimum wage and overtime compensation to which they are entitled under the FLSA and/or D.C. Code by:

(a)      Failing to pay for all hours worked;

(b)      Manipulating time clock entries;

(c)      Programming time clocks to not record the actual times employees punch in and out;

(d)      Having employees work without punching-in or out;

(e)      Having employees attend training, meetings, and/or take quizzes without paying the minimum wage;

(f)      Failing to pay employees the full minimum wage and/or violating the tip and gratuity credit requirements;

(g)      Requiring employees to purchase uniforms including, but not limited to, aprons;

(h)      Requiring employees to pay to have their uniforms dry cleaned;

(i)      Failing to pay employees the full minimum wage when they do not earn enough in tips;

(j)      Taking the "tip credit" or "gratuity credit" for work performed by employees for which they cannot earn tips;

(k)      Keeping a portion of the tips or gratuities paid by customers, and;

(l)      Failing to pay employees one and one half times their regular rate of pay for hours worked over 40 hours in a work week.

## CLASS ACTION ALLEGATIONS

12.      Pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), Plaintiffs seek to represent a class consisting of:

> All employees occupying a position for which Defendant has utilized a "tip credit" or "gratuities credit" at any time between October 1, 2007 and the present.

Plaintiffs reserve the right to seek to represent sub-classes.

13.      *Numerosity*.  The number of individuals in the class exceeds several hundred.  It would be impracticable to bring all—or even a substantial percentage of—such persons before the Court as individual plaintiffs through joinder.

14.      *Commonality*.  There are questions of law and fact common to the class.  The overarching question of law and fact that is common to all members of the class is whether Defendants have failed to pay Plaintiffs the full and correct amount of wages for all hours they have worked.  The overarching common issue of law and fact includes numerous sub-issues of law and fact that are common to all members of the class.  These sub-issues include, but are not limited to, the following:

(a)     whether Defendants violated the D.C. Wage Payment and Collection Act, D.C. Code § 32-1301 *et seq.*, by its acts and omissions alleged herein;

(b)     whether Defendants failed to pay employees the full minimum wage and/or violated the tip and gratuity credit requirements pursuant to FLSA, 29 U.S.C. § 201 *et seq.* and the D.C. Minimum Wage and Overtime Laws, D.C. Code § 32-1003;

(c)     whether Defendants had employees work without pay by requesting employees not to punch-in or out or programming time clocks to omit a portion of time worked;

(d)     whether Defendants required employees to purchase uniforms and pay for dry cleaning of uniforms;

(e)     whether Defendants improperly took the "tip credit" or "gratuity credit" for work performed by employees for which they could not earn tips;

(f)     whether Defendants improperly kept a portion of the tips or gratuities paid by customers, and;

(g)     whether Defendants manipulated employees' time clock entries.

15.     *Typicality.* The claims of each of the above-identified class representatives are typical of the claims of all class members because: (1) they have all been adversely affected by Defendant's failure to pay the full and correct amount of wages for all hours they have worked, and (2) their claims are all based on the same legal theory or theories.

16.     *Adequacy of Representation.* All of the above-identified class representatives are adequate representatives of the class because: (1) they are willing and able to represent the proposed class and have every incentive to pursue this action to a successful conclusion; (2) their interests are not in any way antagonistic to those of the other class members; and (3) they are represented by counsel experienced in litigating wage and hour violations and major class actions.

17.     *Propriety of Maintenance of Class Action Under Fed. R. Civ. P. 23(b)(2).* Class action status is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted and/or

refused to act on grounds generally applicable to the class, thereby making declaratory and final injunctive relief appropriate.  Such generally applicable grounds consist of the adoption and/or maintenance by Defendants of a common, company-wide policy or practice of race discrimination in employment to which each member of the class has been subjected.  This relief would predominate over monetary relief.

18.      *Propriety of Maintenance of Class Action Under Fed. R. Civ. P. 23(b)(3).*  Class action status is also appropriate under Fed. R. Civ. P. 23(b)(3).  The common questions of law and fact identified above predominate over questions affecting only individual members.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation. Requiring each class member to pursue his or her claim individually would entail needless duplication and would waste the resources of both the parties and the judiciary.  Moreover, the financial burden proving Defendants violated the relevant wage and hour laws would also make the prosecution of individual actions virtually impossible for most, if not all, members of the class.

COUNT ONE – FLSA MINIMUM WAGE VIOLATION

19.      Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 18 of the Complaint.

20.      At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

21.      At all times material herein, Defendants have utilized a tip credit to pay Plaintiffs the minimum wage to which they have been entitled under 29 U.S.C. § 206(a)(1). As a result, at all times material herein, Defendants have been prohibited from charging for the costs of purchasing and dry cleaning uniforms and retaining tips received by plaintiffs.

22.      29 U.S.C. § 206(1) provides that, at various times applicable to this case,

employees shall be paid a wage rate of not less than $5.15 per hour; $5.85 per hour; $6.55 per hour; and $7.15 per hour. 29 U.S.C. § 203(m) provides that a tipped employee shall be paid a wage of not less than $2.13 per hour and that an employer may apply a tip credit for tips actually received between the wage the employer pays and the applicable minimum wage. 29 U.S.C. § 203(m) further provides that an employee paid pursuant to a tip credit must retain all tips, except insofar as an employer utilizes a tip pool among employees who customarily and regularly received tips. At all times material herein, Defendants have violated, and continue to violate, 29 U.S.C. § 206(1) by failing and refusing to compensate plaintiffs, and other employees occupying the same positions, the required minimum wage.

23.     Defendants have deprived Plaintiffs and other similarly situated employees of the minimum wage by requiring them to pay for uniforms worn primarily for the benefit of the employer. The cost of uniform items purchased from Defendants is either paid directly by Plaintiffs or is deducted from their wages and results in a wage less than that to which Plaintiffs are entitled under law — i.e., less than the minimum wage.

24.     Defendants have deprived Plaintiffs and other similarly situated employees of the minimum wage by requiring them to pay for dry cleaning of their uniforms prior to each shift worked.  Although Defendants provide Plaintiffs with an allowance for the cost of dry cleaning their uniforms, the allowance does not cover Plaintiffs' entire dry cleaning costs, which reduced Plaintiffs' wages below the minimum wage.

25.     Defendants have deprived Plaintiffs and other similarly situated employees of the minimum wage by improperly applying the tip credit to hours of work in which Plaintiffs can not earn tips. These hours include, but are not limited to, time spent training other employees or receiving training for the position of server and times such as prior to the opening of the restaurant

and after the closing of the restaurant when Plaintiffs and other similarly situated employees have engaged in performing cleaning services, attending meetings, taking quizzes administered by Defendants, setting up and closing down the restaurant, and similar types of activities.

26.     Defendants have deprived Plaintiffs and other similarly situated employees of the minimum wage by improperly manipulating the time that Plaintiffs clocked-in and/or clocked-out to reflect a lower number of hours worked.  Plaintiffs recorded their hours worked through an electronic machine which time and date stamps their clock-in and clock-out times. Yet, Defendants later revised the electronic reports of Plaintiffs' time worked by adjusting the time worked to reflect clock-in times that are later than the time that Plaintiffs actually began work or clock-out times that are earlier than when Plaintiffs actually completed work; deleting the hours worked during an entire shift; and clocking Plaintiffs out for breaks when they did not take a break.

27.     Defendants have further deprived the Plaintiffs and other similarly situated employees of the minimum wage by improperly requiring Plaintiffs to work without pay by prohibiting Plaintiffs from clocking-in and clocking-out to report hours worked for an entire shift.  For example, Defendants have asked Plaintiffs and other similarly situated employees not to clock in or out when working a private party, among other things.

28.     Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

29.     As a result of the aforesaid willful violations of the FLSA, compensation has been unlawfully withheld by Defendants from Plaintiffs and similarly situated persons for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount

as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

30.     The employment and work records for the Plaintiffs are in the exclusive possession, custody, and control of Defendants, and Plaintiffs are unable to state at this time the exact amount owing to each of them. Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiffs' payroll and other employment records from which the amounts of Defendants' liability can be ascertained.

## COUNT TWO – FLSA OVERTIME

31.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 30 of the Complaint.

32.     At all times material herein, Plaintiffs have worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207. As a result, at all times material herein, Plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked.

33.     29 U.S.C. § 207(a)(1) provides that employees shall be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 hours per work week. At all times material herein, Defendants have violated and continue to violate 29 U.S.C. § 207(a)(1) by failing and refusing to compensate Plaintiffs and other similarly situated employees for time worked in excess of 40 hours per week at a rate of at least one and one half times the regular rate at which Plaintiffs are employed.

34.     Defendants have deprived Plaintiffs and other similarly situated employees by failing to compensate them at time and one half the regular rate at which Plaintiffs are employed for hours worked in excess of 40 hours per week while clocked in for work.

35.     Defendants have deprived Plaintiffs and other similarly situated employees by failing to compensate them for the time spent in activities that they are requested to perform before they clock in and after they clock out. Those activities include duties such as training, cleaning services, attending meetings, setting up and closing down the restaurant, and similar types of activities.

36.     Defendants have deprived Plaintiffs and other similarly situated employees of overtime compensation by manipulating the time that plaintiffs began working, or clock-in time, and the time that work is completed, or clock-out time, to reflect a lower number of hours worked.

37.     Defendants have further deprived Plaintiffs and other similarly situated employees of overtime compensation by improperly requiring Plaintiffs to work without pay by prohibiting Plaintiffs from clocking-in and clocking-out to report hours worked for an entire shift.

38.     Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

39.     As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs and similarly situated persons for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

40.     The employment and work records for Plaintiffs are in the exclusive possession, custody, and control of Defendants, and Plaintiffs are unable to state at this time the exact amount owing to each of them. Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the

regulations of the U.S. Department of Labor to maintain and preserve Plaintiffs' payroll and other employment records from which the amounts of Defendants' liability can be ascertained.

## COUNT THREE – DISTRICT OF COLUMBIA MINIMUM WAGE VIOLATION

41.   Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 40 of the Complaint.

42.   At all times material herein, Plaintiffs who are currently or were formerly employed at Defendants' District of Columbia restaurants have been entitled to the rights, protections, and benefits provided under the Minimum Wage and Overtime Laws of the District of Columbia.

43.   At all times material herein, Defendants have utilized a gratuities credit to pay Plaintiffs the minimum wage to which they have been entitled under D.C. Code § 32-1003. As a result, at all times material herein, Defendants have been prohibited from charging for the costs of uniforms and retaining gratuities received by Plaintiffs.

44.   D.C. Code § 32-1003 provides that, at various times applicable to this case, employees shall be paid a wage rate of not less than $6.15 per hour; $6.85 per hour; $7.55 per hour; and $8.25 per hour. D.C. Code § 32-1003(f) provides that an employee who receives gratuities shall be paid a wage of not less than $2.77 per hour provided that an employee actually receives gratuities in an amount equal to the difference between the hourly wage paid and the minimum wage as set forth in section (a) of D.C. Code § 32-1003. Section (g) of D.C. Code § 321003 further provides that an employee paid pursuant to a gratuity credit must retain all gratuities, except insofar as it shall not be construed to prohibit the pooling of gratuities among employees who customarily receive gratuities. At all times material herein, Defendants have violated, and continue to violate, D.C. Code § 32-1003 by failing and refusing to compensate

Plaintiffs, and other employees occupying the same positions, the required minimum wage.

45.    Defendant has deprived Plaintiffs and other similarly situated employees of the minimum wage by requiring them to pay for uniforms and other items such as aprons worn primarily for the benefit of the employer. The cost of uniform items purchased from Defendants is either paid directly by Plaintiffs or is deducted from their wages and results in a wage less than that to which Plaintiffs are entitled.

46.    Defendants have deprived the plaintiffs and other similarly situated employees of the minimum wage by requiring them to pay for dry cleaning of their uniforms prior to each shift worked.   Although Defendants provide Plaintiffs with an allowance for the cost of dry cleaning their uniforms, the allowance does not cover Plaintiffs' entire dry cleaning costs, which reduced Plaintiffs' wages below the minimum wage.

47.    Defendants have further deprived Plaintiffs and other similarly situated employees of the D.C. minimum wage by improperly applying the gratuity credit to hours of work in which Plaintiffs can not earn gratuities. These hours include, but are not limited to, time spent training, cleaning services, attending meetings, setting up and closing down the restaurant, and similar types of work activities as defined by the D.C. Code.

48.    Defendants have deprived Plaintiffs and other similarly situated employees of the minimum wage by manipulating the time that Plaintiffs' clocked-in and clocked-out to reflect a lower number of hours worked.

49.    Defendants have further deprived Plaintiffs and other similarly situated employees of the minimum wage by improperly requiring Plaintiffs to work without pay by prohibiting Plaintiffs from clocking-in and clocking-out to report hours worked for an entire shift.

50.      As a result of the aforesaid violations of the D.C. Code, compensation has been unlawfully withheld by Defendants from Plaintiffs and similarly situated persons for which Defendants are liable pursuant to D.C. Code § 32-1012, together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

51.      The employment and work records for Plaintiffs are in the exclusive possession, custody, and control of Defendants, and Plaintiffs are unable to state at this time the exact amount owing to each of them. Defendants are under a duty imposed by law to maintain and preserve Plaintiffs' payroll and other employment records from which the amounts of the defendant's liability can be ascertained.

### COUNT FOUR – DISTRICT OF COLUMBIA OVERTIME CLAIM

52.      Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 51 of the Complaint.

53.      At all times material herein, Plaintiffs have worked in excess of the hourly levels specified in D.C. Code § 32-1003(c). As a result, at all times material herein, Plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked.

54. D.C. Code § 32-1003(c) provides that employees shall be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 hours per work week. At all times material herein, Defendants have violated and continue to violate 29 U.S.C. 207(a)(1) by failing and refusing to compensate Plaintiffs and other similarly situated employees for time worked in excess of 40 hours per week at a rate of at least one and one half times the regular rate at which Plaintiffs are employed.

55.   Defendants have deprived Plaintiffs and other similarly situated employees by failing to compensate them at time and one half the regular rate at which Plaintiffs are employed for hours worked in excess of 40 hours per week.

56.   Defendants have deprived Plaintiffs and other similarly situated employees of overtime compensation by fraudulently adjusting the time that Plaintiffs' clocked-in and clocked- to reflect a lower number of hours worked.

57.   Defendants have further deprived Plaintiffs and other similarly situated employees of overtime compensation by improperly requiring Plaintiffs to work without pay by prohibiting plaintiffs from clocking-in and clocking-out to report hours worked for an entire shift.

58.   As a result of the aforesaid violations of the D.C. Code, compensation has been unlawfully withheld by Defendants from Plaintiffs and similarly situated persons for which the Defendants are liable pursuant to D.C. Code § 32-1012, together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

59.   The employment and work records for Plaintiffs are in the exclusive possession, custody, and control of Defendants, and Plaintiffs are unable to state at this time the exact amount owing to each of them. Defendants are under a duty imposed by law to maintain and preserve Plaintiffs' payroll and other employment records from which the amounts of the Defendant's liability can be ascertained.

## COUNT FIVE – DISTRICT OF COLUMBIA WAGE PAYMENT AND COLLECTION VIOLATION

60.   Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 59 of the

Complaint.

61.     At all times material herein, Plaintiffs who are currently or were formerly employed at any of Defendants' District of Columbia restaurants have been entitled to the rights, protections, and benefits provided under the Wage Payment and Collection Law of the District of Columbia.

62.     At all times material herein, Defendants have failed to pay Plaintiffs the full and correct amount of wages for all hours they have worked as required by D.C. Code § 32-1302.

63.     As a result of the aforesaid violations of the D.C. Code, compensation has been unlawfully withheld by Defendants from Plaintiffs and the class of similarly situated persons for which Defendants are liable pursuant to D.C. Code § 32-1308, together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

64.     The employment and work records for Plaintiffs are in the exclusive possession, custody, and control of Defendants, and Plaintiffs are unable to state at this time the exact amount owing to each of them. Defendants are under a duty imposed by law to maintain and preserve Plaintiffs' payroll and other employment records from which the amounts of Defendant's liability can be ascertained.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that this Court grant relief against Defendants as follows:

(a)     Enter a declaratory judgment declaring that Defendants have willfully and wrongfully violated its statutory and legal obligations and deprived Plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits,

and entitlements under the law, as alleged herein;

(b)    Order a complete and accurate accounting of all the compensation to which Plaintiffs and all others who are similarly situated are entitled;

(c)    Award Plaintiffs and all others who are similarly situated monetary damages in the form of back pay compensation and benefits; unpaid entitlements; liquidated damages under federal law equal to their unpaid compensation; plus prejudgment and post-judgment interest;

(d) Award Plaintiffs and all others who are similarly situated who have worked in any of Defendants' District of Columbia restaurants monetary damages in the form of back pay compensation and benefits; unpaid entitlements; liquidated damages under D.C. Code equal to their unpaid compensation; plus pre-judgment and post judgment interest;

(e)    Award Plaintiffs and all others who are similarly situated their reasonable attorneys' fees to be paid by the defendants, and the costs and disbursements of this action; and

(f)    Grant such other legal and equitable relief as may be just and proper.

## JURY TRIAL DEMAND

The Plaintiffs hereby demand a jury trial.

Dated:  October 8, 2010

RESPECTFULLY SUBMITTED

_____

Cyrus Mehri, Bar # 420970
Steven A. Skalet, Bar # 359804
Heidi Burakiewicz, Bar # 473973
Janelle M. Carter,   Bar # 987153
Mehri & Skalet, PLLC
1250 Connecticut Ave., NW, Ste. 300
(202) 822-5100
cmehri@findjustice.com

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Clyde's Restaurant Group, Inc., Clyde's Inc., and/or any other entity that owns, operates, or manages a restaurant in the Clyde's Restaurant Group, Inc. ("Clyde's") and that during this time Clyde's failed to properly compensate me for my work.  I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

Date: _September 22, 2010_

_Brittany A. Bell_
Signature

_Brittany A. Bell_
Printed Name

_6043 Hamlin St. NE #3_
Street Address

_Washington, DC 20017_
City, State, Zip Code

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Clyde's Restaurant Group, Inc., Clyde's Inc., and/or any other entity that owns, operates, or manages a restaurant in the Clyde's Restaurant Group, Inc. ("Clyde's") and that during this time Clyde's failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

Date: 9/21/10

Signature

Olivia W Carter
Printed Name

1331 Missouri Ave NW #303
Street Address

Washington, DC 20011
City, State, Zip Code

## CONSENT TO BECOME PARTY PLAINTIFF TO RECOVER UNPAID OVERTIME AND OTHER WAGES

By my signature below, I represent to the court that I have worked for Clyde's Restaurant Group, Inc., Clyde's Inc., and/or any other entity that owns, operates, or manages a restaurant in the Clyde's Restaurant Group, Inc. ("Clyde's") and that during this time Clyde's failed to properly compensate me for my work. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act and any applicable state laws.

Date: 21. Sept. 2010

_____
Signature

Anthony L. PARKER
_____
Printed Name

609 Quarry Ave.
_____
Street Address

Capitol Heights, MD 20743
_____
City, State, Zip Code