UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRITTANY BELL, *et al.*,

        Plaintiffs,

  v.

CLYDE'S RESTAURANT GROUP, INC. *et al.*,

        Defendants.

Civil Action No. 10-1720 (BJR)

MEMORANDUM & ORDER

### DENYING THE DEFENDANT'S MOTION TO SEAL

The plaintiffs, on behalf of themselves and other individuals similarly situated, bring claims under the Fair Labor Standards Act (FLSA) and D.C. Wage Payment and Collection Act. More specifically, they allege that the defendants deprived them of minimum wage and overtime compensation. The parties have agreed to settle the above-captioned case and jointly moved for the court's preliminary approval of their agreement. The defendants simultaneously move to seal the settlement agreement, a request that the plaintiffs oppose. The court granted preliminarily approved of the settlement agreement on April 24, 2011. Still pending, however, is the defendants' motion to seal, to which the court now turns its attention.

The defendants request that the settlement agreement "remain accessible only to counsel and the parties (including all potential class members)." Defs.' Mot. at 2. The defendants note that the public will still have access to the description of the settlement found within the Joint Motion for Preliminary Approval. *Id.* at 3. According to the defendants, "[a]llowing the written agreement itself to be so widely disseminated in the public domain and potentially misused could injure the [d]efendants' reputation." *Id.* The defendants are concerned that the agreement "could be easily misunderstood or mischaracterized as an admission by Defendants that they failed to

pay their workers in accordance with federal and state wage and hour laws," when in fact the defendants are not admitting any liability. *Id.* at 5.

The plaintiffs, on the other hand, "vigorously object to sealing the settlement agreement in this case." Pls.' Opp'n at 3. The plaintiffs argue that the public has the right to access judicial records regarding judicial approval of FLSA settlements. *Id.* The plaintiffs further contend that defendants' concerns are outweighed by the presumption of public access. *Id.* at 4. Additionally, the plaintiffs argue that "absent class members have a need and a right to easily access the settlement agreement which resolves their claims against defendants." *Id.*

"As a general rule, the courts are not intended to be, nor should they be, secretive places for the resolution of secret disputes." *Kouba v. Omni Hotels Corp.*, 2009 U.S. Dist. LEXIS 16837 (D.D.C. Mar. 3, 2009). Thus, "the starting point to consider a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *Equal Emp't Comm'n v. Nat'l Children's Ctr, Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). This presumption is "especially strong" with respect to the court's decrees, judgments, and orders – the "quintessential business of the public's institutions." In *United States v. Hubbard*, 650 F.2d 293, 314-24 (D.C. Cir. 1980), the D.C. Circuit identified six factors that might overcome this presumption:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents at issue; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

With respect to the first factor, "there is a need for public access in those instances where the documents at issue are specifically referred to in the trial judge's public decision." *Nat'l Children's Ctr., Inc.*, 98 F.3d at 1409. Here, the parties have entered into an agreement which, in

accordance with Federal Rule of Civil Procedure 23, this court must approve or disapprove. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (noting that the agreement of the parties does not lessen the need for a judge to determine whether all of Rule 23's certification standards have been met). Thus, the public's need to access the settlement agreement is especially strong and the court weighs this factor against granting the relief requested by the defendants.

Next, the court observes that the terms of settlement are laid out in detail in the parties' joint motion for preliminary approval of the settlement agreement. "The fact that a document was accessible to the public prior to being sealed may weigh in favor of subsequent access." *United States v. Thomas*, 2011 U.S. Dist. LEXIS 150939, at *7 (D.D.C. Dec. 23, 2011). Although the settlement agreement itself was not previously released to the public domain, all of the details of the settlement agreement have been. The second factor is also weighed in favor of disclosure. *In re Application of N.Y. Times Co.*, 585 F. Supp. 2d 83, 93 (D.D.C. 2003) (concluding that the fact that "critical information is in the public forum . . . weighs in favor" of unsealing).

Turning to the third factor, the court notes that the defendants are the ones who want the settlement agreement to be sealed. "The objection to disclosure made by a party to an action generally is deemed to weigh in favor of denial of public access." *Id.* Thus, the third factor weighs in favor of the defendants.

With respect to the fourth factor, the defendants advance their privacy and reputation interests in support of their motion to seal. Under *Hubbard*, the court properly considers the defendants' desire to keep the terms of a settlement confidential. *Nat'l Children's Ctr., Inc.*, 98 F.3d at 1409. Such a desire, however, does not outweigh the public's legitimate need to access the settlement agreement. *Id.*

Similarly, as to the fifth factor, any damage to the defendants' public image caused by the settlement agreement does not constitute prejudice that would favor denial of public access.  *See Thomas*, 2011 U.S. Dist. LEXIS 150939, at *10 (rejecting the argument that a consent judgment should not be filed on the public record because of the likelihood that the defendant's public image would be damaged).  Nor do the defendants point to any *legal* prejudice, *i.e.*, harm in future litigation, that would result by the public disclosure of the settlement agreement.  *See Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 150-151 (D.D.C. 2010) (limiting analysis under the fifth *Hubbard* factor to legal prejudice and noting that this factor did not favor sealing where only generalized reputational harm was at issue (citing *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 60 (D.D.C. 2009)).

The sixth factor takes into consideration the purpose for which the settlement agreement was introduced.  Documents related to discovery, for instance, are afforded a stronger presumption of privacy, as those types of materials are not typically accessed by the public.  *Friedman*, 672 F. Supp. 2d at 61.  On the other hand, there is a strong presumption against sealing documents that are exhibits during trial because "what transpires in the court room is public property." *Id.*  Here, the defendant aims to seal the settlement agreement, a document central to the fairness hearing which the court must conduct under Rule 23.  More specifically, this court is charged with deciding whether the settlement is fair to the class members, reasonable in relation to the merits of their claims and adequate to redress any injuries suffered.  The court agrees with the plaintiffs that the public's vigilance throughout this process is a critical aspect of Rule 23 procedures.  This factor, therefore, also weighs against granting the defendant's motion.

In sum, after considering the parties' arguments and weighing the *Hubbard* factors, the court concludes that the interests identified by the defendants do not overcome the strong presumption in favor of public access to the proposed settlement agreement. Accordingly, the court denies the defendants' motion.

**SO ORDERED.**

May 7, 2012

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE